■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL REYES, Appellant. [764 NYS2d 691] —Judgments, Supreme Court, Bronx County (Lawrence Bernstein, J., at hearing; Robert Straus, J., at plea and sentence), rendered May 15, 2000, convicting defendant of criminal possession of a weapon in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him, as a persistent violent felony offender and as a second felony offender, to concurrent terms of 12 years to life and 4½ to 9 years, respectively, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. The record establishes that the police had reasonable suspicion to justify stopping and frisking defendant. An unidentified informant provided a very specific description of a man he had just seen pointing a gun at people, and who had just entered the dayroom of a senior citizens' residence. The reliability of the informant was supported by the fact that

this was a face-to-face encounter (*see e.g. People v Brown*, 288 AD2d 152 [2001], *lv denied* 97 NY2d 727 [2002]), by the informant's excited demeanor, and by the facts that the informant appeared, from his attire, to be an employee of the building and remained nearby. When the police entered the dayroom, they observed defendant, who met the description and who ran toward the police in a panicky manner, claiming that people were chasing him and trying to kill him. Defendant's strange behavior, rather than merely indicating that defendant might have been a crime victim himself, tended to corroborate the informant's statement that defendant had been pointing a gun, and heightened the officers' reason to be concerned for their safety. Concur—Tom, J.P., Sullivan, Rosenberger, Lerner and Friedman, JJ.